**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 07-80104-CIV-RYSKAMP/VITUNAC

MARCEL MOULY,

      Plaintiff,

v.

JOHN R. AMANN, JR. and
ART-A-GLOW, INC. d/b/a
PHILLIPS GALLERIES,

      Defendants.

_____/

### ORDER DENYING MOTION TO DISMISS

THIS CAUSE comes before the Court pursuant to Defendant John R. Amann, Jr.'s ("Amann") Motion to Dismiss, filed March 21, 2007 **[DE 10]**.  Plaintiff Marcel Mouly ("Mouly") responded on March 28, 2007 **[DE 11]**.  Amann did not reply.  This motion is ripe for adjudication.

### I.      BACKGROUND

Plaintiff Mouly is a citizen of France who resides in France.  (Compl., 2.)  Defendant Amann a citizen of the United States who resides in Palm Beach County, Florida.  (Compl., 3.)  Defendant Art-A-Glow, Inc. d/b/a Phillips Galleries ("Phillips Galleries") is a Florida corporation with its principal place of business in Palm Beach County, Florida.  (Compl., 4.)  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2).

Amann is the president and principal owner of Phillips Galleries.  (Compl., 7.)  Mouly is a painter.  (Compl., 8.)  On various dates, Mouly, consigned to Amann the 31 paintings listed on

2

Exhibit A to the Amended Complaint.  (Compl., 9.)  Mouly and Amann orally agreed that Amann would show the paintings at the location of Phillips Galleries, use his best efforts to sell the paintings and remit to Mouly immediately upon the sale of each painting a fixed amount for each painting agreed to at the time of the consignments.  (Compl., 10.)  The parties also agree that the consignments were terminable at will by Mouly.  (Compl., 11.)  The paintings were delivered by Mouly to Amann at various times from October 1999 through December 2005.

As of the date of the filing of the Amended Complaint, Mouly had received payment for only four of the consigned paintings.  (Compl., 12.)  Mouly alleges that Amann sold additional consigned paintings without advising him and without paying him the fixed amounts due him. (Compl., 13.)  Many of the unsold consigned paintings are presently in the possession of Phillips Galleries and/or Amann.  Mouly alleges that Amann and/or Phillips Galleries, without his authorization, delivered some of the paintings to galleries, shops and hotels.  (Compl., 14.) Mouly gave Amann notice of termination of the consignments by instructing him, by letter dated September 11, 2006, to return the paintings.  (Compl., 15.)

Mouly brings a five-count Amended Complaint.  Count I is a claim for breach of contract against Amann, Count II is a cause of action for replevin against Amann and Phillips Galleries. Count III is a claim for unjust enrichment against Amann and Phillips Galleries.  Count IV is a cause of action for quantum meruit against Amann and Phillips Galleries.  Count V requests an accounting from Amann.  Finally, VI is a cause of action for conversion against Amann and Phillips Galleries.

Amann moves to dismiss the Amended Complaint on the grounds that it fails to state a cause of action against him individually.

## II.      LEGAL STANDARD

In deciding a motion to dismiss, the court must accept the facts alleged in the complaint as true and view them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp., et al. v. Twombly, ___ U.S. ___, ___ (2007) (quotations and citations omitted).  At issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof.  See Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## III.      DISCUSSION

The allegations of the Amended Complaint explicitly allege that Mouly entered into an oral contract consignment agreement directly with Amann.  Nor do the exhibits attached to the Amended Complaint contradict Mouly's allegations.  Exhibit A is a list of consigned inventory that has the name "Phillips Galleries" on the letterhead.  Exhibit B is a letter from Mouly to Amann that is addressed to Amann at the address of Phillips Galleries.  The letter is not addressed to Amann in his representative capacity or as an officer of Phillips Galleries or Art-A-

4

Glow.  These exhibits do not contradict Mouly's allegations or admit that his contract was with Phillips Galleries rather than with Amann.  Mouly has adequately alleged the existence of an oral agreement with Amann.

## IV.   <u>CONCLUSION</u>

THE COURT, being fully advised that having considered the pertinent portions of the record hereby.

ORDERS AND ADJUDGES that Defendant Amann's Motion to Dismiss, filed March 21, 2007 **[DE 10]** is DENIED.  Amann is directed to answer the Amended Complaint within twenty (20) days of the date of this Order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 1st day of June, 2007.

<u>S/ Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE